THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT HARPHAM, individually, and on behalf of all those similarly situated,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>　　　　　　Defendant. | CASE No. 2:13-cv-00352-RAJ<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on Plaintiff Robert Harpham's motion to remand to state court and for an award of costs and attorney's fees pursuant to 28 U.S.C. § 1447(c). Dkt. # 4. Defendant American Family Mutual Insurance Company ("American Family") opposes the motion. Dkt. # 5. Having considered the parties' briefing and the record herein, the court GRANTS the motion to remand and DENIES Plaintiff's request for costs and attorney's fees for the reasons stated below.

## II. BACKGROUND

Mr. Harpham's claims arise out of an insurance dispute with American Family. Dkt. # 1-1 (Ex. 1 to Not. of Removal; Compl.). Mr. Harpham's class action complaint,

filed on November 29, 2012, in King County Superior Court, alleges that Mr. Harpham was injured by a driver operating a vehicle insured by American Family. *Id*. ¶¶ 6 & 8. At the time of the accident, the vehicle's insurance policy included Personal Injury Protection ("PIP") coverage, under which Mr. Harpham "received PIP benefits." *Id*. ¶¶ 7 & 9. According to Mr. Harpham, American Family improperly "offset" the PIP benefits against Mr. Harpham's recovery on his personal injury claim after settling on behalf of the driver. *Id*. ¶¶ 11 & 12. Mr. Harpham also alleges that American Family failed to pay "its share" of his legal expenses. *Id*. ¶¶ 13-15. Mr. Harpham asserts state law causes of action for violation of Consumer Protection Act, RCW ch. 19.86, breach of contract, bad faith, and conversion on behalf of Mr. Harpham and "all others similarly situated." *Id*. at 4-8. Mr. Harpham seeks damages, treble damages, prejudgment interest and costs, expert witness fees, attorney's fees, and "expenses under any applicable grounds." *Id*. ¶¶ B-E. Mr. Harpham, however, does not request any specific amount of damages. *Id*.

American Family removed the case to this court on February 25, 2013, asserting that Mr. Harpham's action meets the requirements of diversity jurisdiction under 28 U.S.C. § 1332. Dkt. # 1 (Not. of Removal) ¶ 5. American Family bases its removal on Mr. Harpham's response to the request for admission ("RFA"), asserting that "Plaintiff admitted that the amount in controversy exceeds $75,000." *Id*. ¶ 6. Mr. Harpham now seeks to remand, contending that the RFA response does not establish that the amount in controversy requirement for purposes of diversity jurisdiction is met. Dkt. # 4 at 5-6.

### III. ANALYSIS

A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally. *Martin v. Franklin Capital Corp*., 546 U.S. 132, 134, 126 S.Ct. 704 (2005) (citing 28 U.S.C. § 1441). If it appears that the federal court lacks jurisdiction, the case must be remanded. *Id*. The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Prize*

*Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Any doubts about removability are resolved in favor of remanding the case to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**A.   Remand – Diversity Jurisdiction[1]**

To support removal based on diversity jurisdiction, the defendant must prove that the amount in controversy exceeds $75,000, and that complete diversity exists between the parties.[2] 28 U.S.C. § 1332(a). Where, as here, the complaint does not demand a specific amount of damages, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy requirement has been met. *Lowdermilk v. U.S. Bank. Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). The amount in controversy is established at the time of removal. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). When the amount is not "facially apparent" from the complaint, the court may consider facts in the removal petition and other summary judgment-type evidence relevant to the amount in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Conclusory allegations by the defendant will not suffice to overcome the traditional presumption against removal jurisdiction. *Id.* at 375.

Here, Mr. Harpham contends that American Family has failed to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum required under 28 U.S.C. § 1332. The court agrees. American Family bases its removal on Mr. Harpham's response to the RFA. Dkt. # 1 (Not. of Removal) ¶¶ 5 & 6. Mr. Harpham's RFA response, however, states, in relevant part, that "the relief sought in this action *for and on behalf of the entire putative class*, *when including … costs and interest,* likely exceeds $75,000." Dkt. # 1-1 (Ex. 3 to Not. of Removal; Response to First

---

[1] Because the amount in controversy requirement of jurisdiction is dispositive here, the court does not need to consider the parties' arguments as to the timeliness of removal. *See* Dkt. # 4 at 3; Dkt. # 5 at 7-9.

[2] Here, there is no dispute that complete diversity exists.

RFA) (emphasis added). Thus, it appears that American Family improperly ignored that the RFA response expressly attributed the relief sought to the entire putative class, inclusive of costs and interest, which is not the proper measure of damages. *See* 28 U.S.C. § 1332. The response, thus, does not shed a credible light as to whether Mr. Harpham's individual claim meets the jurisdictional threshold or whether the relief sought satisfies the minimum amount of class damages.

American Family argues that because Mr. Harpham "did not provide a direct answer to the [clear] request [as phrased]," Mr. Harpham's RFA response is "evasive" and must be construed as "an admission that the jurisdictional threshold was met." Dkt. # 5 at 4-7. The court disagrees. Here, the record suggests that the alleged ambiguity in the RFA response was of American Family's own making. The RFA asked Mr. Harpham to "[admit] or deny that the amount in controversy *for this matter* … is over $75,000." *See* Dkt. # 1-1 (Ex. 3 to Not. of Removal; Response to First RFA) (emphasis added). A reasonable interpretation for "this matter" is a putative class action. *See* Dkt. # 1 (Not. of Removal) ¶¶ 1 & 7; Dkt. # 1-1 (Compl.); DKt. # 1-2 (Civil Cover Sheet). As such, Mr. Harpham's response falls within the scope of American Family's RFA.

Accordingly, American Family has failed to meet its burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

**B.     Costs and Attorney's Fees**

Mr. Harpham seeks an award of costs and attorney's fees, arguing that American Family "removed this case without any basis." Dkt. # 4 at 7. Pursuant to 28 U.S.C. § 1447(c), the court may award costs and attorney's fees, unless "the removing party has an objectively reasonable basis for removal." *Martin*, 546 U.S. at 136. Here, on the face of the first RFA response, the court finds that American Family's basis for removal was objectively reasonable. Accordingly, the court declines to exercise its discretion to award costs and attorney's fees.

ORDER - 4

## IV. CONCLUSION

For all the foregoing reasons, the court GRANTS Plaintiff's motion to remand and DENIES Plaintiff's request for costs and attorney's fees. The Clerk of Court is DIRECTED to remand this case to King County Superior Court for further proceedings.

Dated this 30th day of May, 2013.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge